## RUCKMAN *vs.* KING.

Equity will not relieve a party against his own neglect or default in performing his contract, if such relief will seriously injure the other party.

This cause came on for argument upon demurrer to the complainant's bill.

*Mr. Boyd*, in support of the demurrer.

*Mr. Ransom*, contra.

THE CHANCELLOR.

The bill is filed for the purpose of having a contract, made between the parties, canceled and declared void. The contract was dated on the 12th day of May, 1868, and by it Ruckman agreed to convey to King all the lands which he owned within certain limits specified, and all lands within those limits for which he held contracts for conveyance to him; stated to be about two thousand acres. The price to be paid was $275 per acre; of which $100 was paid at the execution of the contract, $19,900 were to be paid on the 1st day of June then next, $80,000 in cash on the 1st day of July then next, on the delivery of the deed; the balance, with interest, to be secured by mortgage, and to be payable in

five equal yearly payments. King expressly agreed to make these payments. On the 28th of May, King applied to Ruckman to give him fifteen days' further time to make the payment, which was to be made on the 1st day of June. Ruckman declined to extend the time, and told King that he should require it on the day. King failed to make payment on the 1st of June, but instead of it, had his contract recorded on the 2d of June in the clerk's office of the county of Bergen, in which the lands lie, so as to prevent Ruckman from selling to any one else. On the 1st of July, King met Ruckman in a car on the railroad, and offered him $79,900, and demanded a deed for the property, which Ruckman declined to give. Ruckman alleges that by reason of King's failure to pay the sum due on the 1st of June, he, Ruckman, was unable to make the payments on the lands which he had agreed to purchase, and which were included in the contract with King.

The demurrer is placed on the broad ground that time is not of the essence of a contract in equity, and that Ruckman is bound to convey to King, although King did not make his payment at the time agreed to by the contract; and, therefore, there is no equity or ground for relief in Ruckman's suit to be relieved from this contract, and to have his land relieved from the cloud on its title.

It is the rule in equity, that in general, time is not of the essence of a contract to convey, as in most cases the delay is no real injury, and can be compensated for by interest, or otherwise. But it may be made of the essence of the contract, either by its being so stated in the contract itself, or by the circumstances attending the contract. There is no general rule that time is not of the essence of a contract; each case depends upon its own circumstances. In England time is generally not of the essence of a contract, but in this country it more frequently, if not generally, is of the essence. In all cases, courts of equity will see to it that one party shall not be relieved against his own neglect or default in performing his contract, if such relief will seriously injure

the other party. In this case, the bill alleges that by King's default, Ruckman was unable to make the payments necessary to procure the title to the lands to be conveyed to him, and by him to King. By the very structure of the contract it would seem to be intended to provide for such an emergency. This would make time of the essence of the contract, and sustain the complainant's bill.

The conduct of the defendant, as set forth in the bill, is an attempt to abuse the doctrine of this court, which does not regard time as the essence of a contract where the opposite party is not materially injured by the delay, and would seem to be a very inequitable abuse of the registry law. He fails to perform his own engagement, by which the complainant is rendered unable to fulfill the contract on his part, and is left without means of meeting his engagements with others, and then in quick haste, on the next day places his contract on record, so that the complainant can neither sell nor mortgage his land to raise the money for which he may be liable, and is left without means by the fault of the defendant.

The facts when shown by proof on part of the defendant, may show a different case, but as presented by the bill, which only is before the court on this argument, they are sufficient to entitle the complainant to relief.

The demurrer must be overruled.